Regina E. Hovet, Esq.
ISB # 6604
P.O. Box 1
Owyhee, NV  89832
Ph:  (360) 631-8145
RegelizH@aol.com

Thomas J. Woodbury
MT State Bar # 6474
P.O. Box 7681
Missoula, MT  59807
Tele. (406) 728-5631
tom@westernwatersheds.org

Attorneys for Plaintiff Western Watersheds Project

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, CENTER FOR BIOLOGICAL DIVERSITY, And WILDEARTH GUARDIANS,<br><br>    Plaintiffs,<br><br>vs.<br><br>U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendant. | ) **No. 10-cv-229-BLW**<br>)<br>) **BRIEF IN SUPPORT OF**<br>) **MOTION TO AMEND**<br>) **JUDGMENT**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  Western Watersheds has moved for an amendment of judgment in this case.  While not contesting the Court's ruling on the listing priority number assigned to greater sage grouse, WWP asserts that the Court made reversible error in supplying a post-hoc rationale for the statutorily-required finding that the agency was making expeditious progress in its listing program at the time of the challenged listing decision.

Specifically, the Court rejected the reasons advanced by Fish & Wildlife Service in its listing decision to support the statutory finding that it was making expeditious progress at that time in its listing program - a pre-requisite for precluding a species warranted for listing. The Court found, as alleged by WWP in its original complaint, that "[b]y no common sense measure of the word 'expeditious' has the FWS made expeditious progress in its ESA duties." MDO at p. 4. However, the Court then proceeded to based its finding that the agency had made the appropriate certification under the ESA on the grounds that it had subsequently agreed to a schedule for making expeditious progress in the related litigation. As the Court noted in its decision:

> "[T]he FWS has recently committed to reducing the backlog, and has made specific commitments regarding the sage grouse. These commitments, if carried out, would represent substantial progress on the backlog described above. For that reason – *and only for that reason* – the Court will uphold the agency's certification that it is making expeditious progress."

(emphasis added) MDO at 33. This is reversible error.

It is well established that in exercising its jurisdiction under the Administrative Procedures Act, the grounds upon which administrative action must be judged by the court are those upon which the record discloses that administrative action was, in fact, based. *Ariz. Cattle Growers' Ass'v. U.S. Fish & Wildlife Serv.*, 273 F.3d 1229, 1236 (9th Cir. 2001); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835 (9th Cir. 2003); *Collins Foods Intern., Inc. v. U.S. I.N.S.*, 948 F.2d 549 (9th Cir. 1991); *Love v. Thomas*, 858 F.2d 1347, <u>cert. den.,</u> *Am. Fed. of Labor and Cong. of Indus. Organ. v. Love,* 109 S.Ct. 1932, 490 U.S. 1035, 104 L.Ed.2d 403 (9th Cir. 1988).

Simply stated, a reviewing court is not empowered to substitute its judgment for that of agency, and may not substitute reasons for agency action that are not in the record. *Citizens to Protect Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 28 L.Ed.2d 136 (1971); *Camp v. Pitts,* 411 U.S. 138, 142, 36 L.Ed.2d 106 (1973).

Courts do not ordinarily consider agency reasoning that appears nowhere in agency's order. *PanAmSat Corp. v. F.C.C.*, 198 F.3d 890 (D.C. Cir. 1999). As judicial review of agency action is generally confined to original record upon which actions were based, the reviewing court may consider information supplemental to record only exceptionally, and may under no circumstances use post-decision information as the basis for a new rationalization, either for sustaining or attacking the agency's decision. *Rybachek v. U.S. E.P.A.*, 904 F.2d 1276 (9th Cir. 1990); *Jet Inv., Inc. v. Dept. of Army*, 84 F.3d 1137 (9th Cir. 1996)

As to what constitutes the administrative record for purposes of review, the whole administrative record consists of all documents and materials directly or indirectly considered by agency decision makers. *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551 (9th Cir. 1989). The focal point for judicial review of agency decision is administrative record in existence at time of decision, not some new record made initially in reviewing court. *Inland Empire Public Lands Council v. Glickman*, 88 F.3d 697, as amended (9th Cir. 1996); *National Wildlife Federation v. U.S. Army C.O.E.*, 384 F.3d 1163; *Consumer Fed. of America and Public Citizen v. U.S. Dept. of Health & Human Services*, (D.C. Cir. 1996) (exceptions limited to evidence that merely illuminate reasons obscured but implicit in AR). Accordingly, agency actions are reviewed by examining administrative record as it existed *at the time the agency made its decision*, and agency documents prepared during and in response to litigation are generally excluded from this

review.  *Kunaknana v. Clark*, 742 F.2d 1145 (9th Cir. 1984); *Friends of the Clearwater v. Dombeck*, 222 F.3d 552 (9th Cir. 2000) (agency must justify its final action by reference to the reasons it considered at the time it acted).

  In the present case, it is true that the newly agreed to schedule for consideration of candidate species was properly before the Court.  However, while properly part of the court record, this does not mean that it was somehow supplemented to the administrative record of the challenged agency decision.  Rather, it was presented to the Court for a limited purpose; namely, to support FWS and WEG's argument that the Court should exercise its discretion under the doctrine of prudential mootness -- a doctrine the Court properly found was not appropriate in this case.  As the Court can see from reviewing the FWS brief in support of summary judgment, the schedule is not advanced in the section on expeditious progress as a grounds for upholding the listing decision itself.  Nor could it be.  In the seminal Ninth Circuit case on supplementing administrative records, *Southwestern Center for Biological Diversity v. U.S.F.S.*, 100 F.3d 1443 (1996), the court held that a post-decision letter on interagency consultation, allegedly required for ESA compliance in that case, could not be advanced as a new rationalization for either attacking or sustaining the agency's approval of the challenged salvage timber sale.

  Accordingly, as the Court decision in this matter made the requisite findings to support WWP's contention that the listing decision challenged here was not in conformance with law, specifically the statutory requirement that the agency demonstrate that it is making expeditious progress as a pre-requisite to precluding listing of a species that is warranted for listing, WWP moves at this time that the Court amend its judgment.  The Court must acknowledge that the decision to preclude listing was arbitrary and capricious, and thus order the agency to comply

with its obligations under the law by listing the greater sage grouse as a threatened species in accordance with the warranted findings in its listing decision.  This is the only effective relief available under law.  Clearly, had the agency properly found that it was not making expeditious progress at the time of the challenged listing decision, it would have had no choice but to list the greater sage grouse as threatened throughout its range.  Thus, in order to make WWP whole, and to give effect to the intent and letter of the ESA, the Court must mandate that FWS do what it was required to do at the time of the challenged decision -- list the species.

Respectfully submitted this 28th day of February, 2012.

/s/ Regina E. Hovet, Esq.
Regina E. Hovet, Esq.
ISB # 6604
P.O. Box 1
Owyhee, NV  89832
Ph:  (360) 631-8145
RegelizH@aol.com

/s/ Thomas J. Woodbury
Thomas J. Woodbury
Western Watersheds Project
P.O. Box 7681
Missoula, MT  59807
(406) 830-3099
Fax (406) 830-3085
tom@westernwatersheds.org