IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, CENTER FOR BIOLOGICAL DIVERSITY, and WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendant. | Case No.  4:CV 10-229-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to alter or amend judgment.  The motion is fully briefed and at issue.  For the reasons explained below, the Court will deny the motion.

## ANALYSIS

In an earlier decision, the Court expressed concerns with the Fish and Wildlife Service's use of the "warranted-but-precluded" listing category under the Endangered Species Act (ESA).  Despite those concerns, however, the Court upheld the agency's decision to place the sage grouse in that category.

Before being allowed to place a species in that category, the FWS must find that "expeditious progress is being made" in its listing process.  *See* 16 U.S.C. § 1533(b)(3)(B)(iii)(II).  After reviewing past agency delays, the Court held that the FWS had recently taken action that clearly met the expeditious progress requirement:

**Memorandum Decision & Order - 1**

> [T]he FWS has recently committed to reducing the backlog, and has made specific commitments regarding the sage grouse. These commitments, if carried out, would represent substantial progress on the backlog described above. For that reason – and only for that reason – the Court will uphold the agency's certification that it is making expeditious progress. If those commitments prove unreliable, the Court will quickly revisit its findings here upon prompting from any party.

*See Memorandum Decision (Dkt. No. 93)* at pg. 33. The agency's commitments include agreements to (1) complete initial petition findings for over 600 species and (2) issue proposed listing rules (or not-warranted findings) for at least 251 candidate species. Specifically with regard to the sage grouse, the FWS committed to completing its review by the end of fiscal year 2015. These commitments, the Court held, constituted "expeditious progress" under the ESA.

WWP now argues that by relying on these FWS commitments, the Court improperly relied on material outside the administrative record in violation of the APA. It is true that the FWS commitments were made after the administrative record in this case was completed. It is also true that the Court is generally limited to the administrative record when reviewing an agency's finding of expeditious progress. *See Center for Biological Diversity v Kempthorne*, 466 F.3d 1098, 1102, 1104 (9th Cir. 2006). Courts cannot gin up justifications for an agency's delay that the agency itself did not cite. *Id*. at 1102-03. For example, in *Biological Diversity* the district court went outside the administrative record to find financial and workload justifications for FWS delays in listing the Yellow-Legged Frog because the FWS completely failed to discuss whether it was making expeditious progress. *Id*. The Circuit reversed, holding that because the

**Memorandum Decision & Order - 2**

agency itself had not clearly cited these financial shortfalls and workload increases as precluding a full listing for the Frog, the district court could not interpret documents outside the record to imply such. *Id*. at 1102-03.

This case is much different. The FWS has made commitments that will substantially advance the listing process for candidate species generally and the sage grouse specifically. The Court is citing action by the FWS to reduce delay, not ginning up justifications for delay that the agency itself has not adopted. Hence the line of authority represented by *Biological Diversity* is inapplicable.

WWP is essentially asking the Court to evaluate progress by ignoring progress. That would "produce an absurd and unjust result which Congress could not have intended." *Clinton v. City of New York*, 524 U.S. 417, 429 (1998) (quoting *Griffin v. Oceanic Contractors, Inc*., 458 U.S. 564, 574 (1982)). Congress intended the warranted-but-precluded category to be off limits to "the foot-dragging efforts of a delinquent agency." *See* H.Rep No. 835, 97th Cong., 2d Sess., reprinted in 1982 U.S.C.C.A.N. 2860 (Sept. 17, 1982). If the whole intent is to get the agency to take action, it would be perverse to ignore the most significant action in years to make expeditious progress.

For all of these reasons, WWP's motion must be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend/correct (docket no. 95) is DENIED.

**Memorandum Decision & Order - 3**



DATED:  **September 26, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**